

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 15, 1962

Mr. R. L. Coffman
Administrator
Texas Employment Commission
Austin 1, Texas

Opinion No. WW-1242

Re: Whether the Texas
Employment Commission
should pay utility
bills for its head-
quarters office build-
ing in Austin, or
should such services
be furnished by the
Board of Control, and
related question.

Dear Mr. Coffman:

You have requested the opinion of this office as
to whether the Texas Employment Commission should pay utility
bills for its headquarters office building in Austin, or such
services should be furnished by the Board of Control, and
whether it is necessary for the Texas Employment Commission
to go through the Board of Control in the negotiation, execu-
tion, and payment of typewriter service contracts.

This request is occasioned by the holding of our
Opinion WW-1221, wherein it was stated, "It would thus seem
apparent that the Legislative appropriation for the Board of
Control was intended to fulfill the utility needs of the State
agencies quartered in the Capitol area." It is felt that
this holding cannot apply to a State agency such as the Texas
Employment Commission, with its particular Federal-State status.

Although created by the authority of the State of
Texas, the Texas Employment Commission is financed by Federal
funds, which are appropriated by the Texas Legislature to the
use of the Employment Commission. State moneys are not in-
volved. Article 5221b-11, Vernon's Civil Statutes. The
General Appropriation Act of the 57th Legislature, in approp-
riating funds for operation of the Texas Employment Commission,
drew these funds exclusively from the Unemployment Compensation
Administration Fund. The moneys in this fund are contributed
by the Federal government. Therefore, in view of the exclusive
Federal financing, it cannot be said that the Legislature in-
tended to have the Employment Commission's utility bills paid
in the same manner that obtains for other locally quartered
agencies.

If further buttress were needed for this holding, it should be noticed that the Employment Commission, in response to Federal regulations, has submitted and had approved, a budget allocating funds for rents, repairs, and utilities. This budget was approved by the Bureau of Employment Security, and was before the Texas Legislature at the time the last general appropriations were made. It is thus clear that the holding of Opinion WW-1221 does not apply to the Texas Employment Commission.

As regards the second question asked, we must consider the effect of the General Appropriation Act, 57th Legislature, Article III, SPECIAL PROVISIONS, Section 12, which provides that the Board of Control shall repair and maintain all typewriters owned by Article III State Agencies in the Capitol area, with the exception of those owned by the Health Department and the Highway Department. It would appear that the Employment Commission comes within the scope of this provision.

However, Article 5221b- 9, Vernon's Civil Statutes, gives the Employment Commission broad and inclusive powers to administer the employment program. These powers must include the authority to provide for typewriter repairs and maintenance in the most efficient manner, and the precise manner of carrying out such authority would be within the discretion of the Commission. Thus, we find a conflict between the provisions of the Appropriation Act and Article 5221b-9, supra. The general rule is that the Texas Constitution does not authorize the repeal of a statute through the medium of a general appropriation bill. Conley v. Daughters of the Republic, 151 S.W. 877 (Civ. App. 1912, rev. on other grounds, 106 Tex. 80, 156 S.W. 197). Therefore, the Appropriation Act provision cited above cannot be held to apply to the Texas Employment Commission, and the Employment Commission is free to establish its own procedures in regard to the repair and maintenance of typewriters.

## S U M M A R Y

The Texas Employment Commission must pay the utility bills for its headquarters office building located in the City of Austin.

The repair and maintenance of typewriters owned by the Texas Employment Commission is a matter within the discretion of the Commission,

and it is not necessary that the Board
of Control approve any repair contracts
that may be entered into by the Commission.

Yours very truly,

WILL WILSON
Attorney General of Texas

By    Malcolm L. Quick
      Assistant

MLQ:ds:kh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. Arthur Sandlin
Linward Shivers
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.